**CHENG YANG LIN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–1316–ag.

United States Court of Appeals, Second Circuit.

July 19, 2007.

Gary J. Yerman, New York, N.Y., for Petitioner.

Christopher P. McGreal, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. JOSEPH M. McLAUGHLIN, Circuit Judges, Hon. RICHARD W. GOLDBERG,[1] Judge.

**SUMMARY ORDER**

Petitioner Cheng Yang Lin, a.k.a. Chun Yang Lin, a native and citizen of the Peo-

---

1. The Honorable Richard W. Goldberg, of the United States Court of International Trade, sitting by designation.

ple's Republic of China, seeks review of a February 25, 2004 decision of the Board of Immigration Appeals ("BIA") affirming an August 21, 2002 decision by Immigration Judge ("IJ") Roxanne C. Hladylowycz that denied petitioner's application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *See In Re: Cheng Yang Lin,* No. A 77 353 726 (B.I.A. Feb. 29, 2004), *aff'g In Re.: Cheng Yang Lin,* No. A 77 353 726 (Immig. Ct. N.Y. City Aug. 21, 2002). The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

Petitioner claims he is eligible for asylum because the woman whom he married in a traditional ceremony (but not legally) was forcibly sterilized. 8 U.S.C. § 1101(a)(42) (providing that a person who has been forced to abort a pregnancy or under go involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure, is deemed to have been persecuted on account of political opinion). The IJ found that he was not credible and dismissed his application on that basis. He claims on appeal that the IJ's adverse credibility finding was not supported by substantial evidence and that, to the extent any discrepancies or omissions exist, they are not central to his asylum claim, his withholding of removal claim, or his CAT claim. We find no basis for concluding the IJ's credibility finding was erroneous. In any event, assuming *arguendo* that petitioner is credible, we conclude that he is not eligible for asylum solely on the basis of the alleged sterilization of his purported spouse. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 2007 WL 2032066 (2d Cir.2007) *(en banc).*

We have considered all petitioner's claims and find them to be without merit.

Accordingly, the petition for review is hereby **DENIED.**